B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORNELIUS HUDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:06-CV-2408-B |
| | § | |
| MORTENSON BROADCASTING | § | |
| COMPANY OF TEXAS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant's Motion for Judgment on the Pleadings and/or Summary Judgment (doc. 32). For the reasons that follow, the Court **GRANTS** the Motion for Summary Judgment and **DENIES without prejudice** Defendants' Motion for attorneys' fees.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Mortenson Broadcasting Company of Texas, Inc. ("MBC") is an affiliate of Mortenson Broadcasting Company, a Christian broadcasting company headquartered in Lexington, Kentucky. (Defs.' Br. in Supp. of Mot. For J. on the Pleadings and/or Summ. J. ("Defs.' Br.") 2). MBC operates two radio stations, KGGR-1040 and KHVN-97, in the Dallas /Forth Worth area. (*Id.*). Beginning in 2003, MBC employed Plaintiff Cornelius Hudson ("Hudson") as an account executive at KGGR. (*Id.* at 3). In February 2005, MBC transferred Hudson to KHVN. (*Id.*). On May 25, 2006, Hudson submitted a formal notice of resignation to MBC stating that his resignation would be effective June

18, 2006.¹ (*Id.* at 3-4). On May 30, 2005, MBC formally accepted this resignation. (Defs.' Ex. 15). Hudson then consulted with the Equal Employment Opportunity Commission ("EEOC") and on June 7, 2006, sent an e-mail to MBC attempting to rescind his resignation. ² (Defs.' Br. 4, Defs.' Ex. 16). The next day, MBC responded with an e-mail rejecting Hudson's attempt to rescind his resignation.³ On July 25, 2006, Hudson filed an EEOC charge of discrimination on the basis of race. (Defs.' Br. 4). On September 21, 2006, the EEOC notified Hudson by telephone that his evidence did not support his allegations and that if he did not have additional information to support his allegations his charge would be dismissed and a right to sue notice would be issued. (*Id.* at 5, Ex. 22). The right to sue notice was issued that day. (Defs.' Br. 5).

On December 29, 2006, Hudson filed the instant lawsuit *pro se* alleging that the Defendants, MBC and Dion Mortenson ("Mortenson"), the general manager of the radio station, "retaliated against Cornelius Hudson, in violation of §704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a)." (Compl.). Hudson does not offer any further explanation of his claim in his one page complaint. In response to the Magistrate Judge's Questionnaire, Hudson made the following statements:

---

¹Hudson's resignation letter stated, "Please accept this letter as my formal notice of resignation from KHVN and Mortenson Broadcasting, effective June 18, 2006. The associations I've made during my employment here will truly be memorable for years to come. I hope this notice is sufficient for you to find a replacement for me. If I can help to train my replacement or tie up any loose ends, please let me know. Thank you very much for the opportunity to work here." (Defs.' Ex. 14).

²The e-mail stated, "I am rescinding my letter of resignation." (Defs.' Ex. 16).

³The e-mail stated, "Your recisson [sic] letter is not accepted. You're [sic] last day is still June 16th. If you have any qustion [sic] you can contact the corporate office." (Defs.' Ex. 17).

> I was discriminated against because of my race. I was retaliated against because of my race. I was harassed because of my race. I was terminated on June 19, 2006. I was harmed by not receiving a promotion; not being compensated for work while my white counterpart was compensated; I was discriminated against in account assignments; and discriminated against in workplace assignments.

(Resp. To Magistrate Judge's Questionnaire).

On November 29, 2007, MBC and Mortenson (collectively "MBC") filed the instant Motion for Judgment on the Pleadings and/or Summary Judgment arguing that: (1) "Defendants are entitled to judgment as a matter of law under Fed. R. Civ. P. 12(c) and under 28 U.S.C. § 1915(E)(2)(B)(II) because pleadings have closed and, as a matter of law, plaintiff's pleading is insufficient to state a claim on which relief can be granted;" (2) "Even assuming, arguendo, plaintiff's pleading is legally sufficient under Fed. R. of Civ. P. 12, Defendants are nevertheless entitled to summary judgment because as a matter of law plaintiff's suit was untimely filed;" (3) "Even assuming, arguendo, plaintiff's pleading is legally sufficient and that suit was timely filed, as a matter of law, Dion Mortenson is entitled to summary judgment because there is no individual supervisory liability under Title VII;" (4) "Even assuming, arguendo, plaintiff's pleading is legally sufficient and that suit was timely filed, as a matter of law, defendants are entitled to summary judgment because plaintiff failed to timely exhaust administrative remedies by filing a retaliation charge with the EEOC;" (5) "Alternatively, defendants are also entitled to summary judgment, because adequate time for discovery has passed and plaintiff has failed to produce any evidence on essential elements of his claim." (Defs.' Br. I-ii). Hudson did not file a response to MBC's Motion.

## II. ANALYSIS

**A.      Summary Judgment Legal Standard**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes about material facts will preclude the granting of summary judgment. *Id.*

The burden is on the summary judgment movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. Rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *Id.*; *Little*, 37 F.3d at 1075.

Once the movant has met its burden, the non-movant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting FED. R. CIV. P. 56(e)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for

the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000); *Anderson*, 477 U.S. at 248.

Hudson's lack of a response to MBC's Motion means that Hudson has not designated specific facts showing there is a genuine issue for trial and is, therefore, relegated to his unsworn pleadings, which are not summary judgment evidence. *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assoc.*, 929 F.2d 160, 165 (5th Cir. 1991)). The Court is not required to consider the plaintiff's responses to the Magistrate Judge's questionnaire when the plaintiff does not file a response referring to these responses. *Id.* at 1004. Thus, while Hudson's failure to respond does not permit the Court to enter a "default" summary judgment, the Court is allowed to accept the evidence presented by MBC as undisputed. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see also Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (holding a party opposing summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence supports her claim). As such, this Court accepts MBC's evidentiary assertions as undisputed. *See Ragas*, 136 F.3d at 458 (noting the court does not have the duty to sift through the record in search of evidence to support a party's opposition to summary judgment); *Denmark v. Cole*, 2005 WL 3293988, at *3 (N.D. Tex. Nov. 30, 2005) ("Because of plaintiff's failure to respond, defendants' evidence is accepted as undisputed and summary judgment may issue to defendants upon a prima facie showing of entitlement.").

The Court recognizes that Hudson is a *pro se* litigant; however, he "is not, as the party with the burden of proof, excused from the requirement that [he] set forth specific facts supporting [his] claim." *Bookman*, 945 F. Supp. at 1005. Chief Judge Sidney A. Fitzwater has explained:

> There is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for

summary judgment. All summary judgment nonmovants shoulder the same obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.

*Id.* at 1005. The Court now addresses the merits of MBC's Motion.

### B. Hudson's Claim

According to Hudson's complaint, he asserts a retaliation claim in violation of §704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, Hudson must show that: "(1) he engaged in an activity protected by Title VII; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004). Hudson has presented no evidence of any of these elements of retaliation. His conclusory statement that he was retaliated against without further explanation is insufficient to survive summary judgment. Even Hudson's statements in his response to the Magistrate Judge's Questionnaire, which the Court is not required to consider, would not spare Hudson's case. *See Bookman*, 945 F. Supp. at 1004. These conclusory allegations that he was discriminated against, retaliated against, harassed, was not promoted, and was not compensated are insufficient. The Court **GRANTS** MBC's Motion for Summary Judgment based on Hudson's lack of evidence of any elements of his claim and need not consider MBC's other grounds for granting summary judgment or judgment on the pleadings.

### C. MBC's Motion for Attorneys' Fees

MBC argues that Hudson's suit was frivolous, unreasonable, and without foundation and requests an award of its attorneys' fees and expenses. (Defs.' Br. 17). A prevailing defendant in a

Title VII case may receive an award of attorneys' fees from the plaintiff if the court finds that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). The Court finds that MBC has not presented enough information to establish that Hudson's claim was frivolous, unreasonable, or groundless. The Court also notes that Hudson was granted leave to proceed *in forma pauperis*. Some courts have taken the plaintiff's financial condition into account when determining whether to award attorneys' fees. For example, in *Luna v. International Association of Machinists and Aerospace Workers*, 1982 WL 442, at *3 (W.D. Tex. 1982), the plaintiff's action was frivolous and the defendant was entitled to an award of attorneys' fees but no award was made because the plaintiff was a pauper. *See also Kendrick v. Comm'n of Zoological Subdistrict*, 565 F.2d 524, 528 (8th Cir. 1977) (upholding the denial of attorneys' fees because the claim was not frivolous, the plaintiff's action was brought *in forma pauperis*, a judgment for attorneys' fees was unlikely to substantially benefit the defendants, and it would place a heavy burden on the plaintiff). Accordingly, the Court **DENIES without prejudice** MBC's motion for attorneys' fees. If MBC wishes to recover attorneys' fees, it must show that Hudson's claim was frivolous, unreasonable, or groundless and address whether the Court should consider Hudson's financial condition.

### III. CONCLUSION

For the foregoing reasons, MBC's Motion for Summary Judgment is **GRANTED** and this case is dismissed in its entirety. MBC's motion for attorneys' fees is **DENIED without prejudice.**

SO ORDERED

SIGNED January 23, 2008

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE